mons and complaint in A. Doerfler's action were not served upon the plaintiff as a defendant therein until 5 days after she began her action, and then with such procedure that the service was not complete until at least 10 days after the initiation of service. Section 443, Code of Civil Procedure. As there was then not another action pending against plaintiff when she began her action, the stay should not have been ordered upon the ground of another action pending. Hart v. Hart, 86 App. Div. 236, 83 N. Y. Supp. 897; Warner v. Warner, 6 Misc. Rep. 249, 27 N. Y. Supp. 160, per Rumsey, J.; 2 Fiero's Special Actions, 1591, 1592; 1 Nichols' New York Practice, 46.

[2, 3] In A. Doerfler's action, the said plaintiff subsequently as a defendant pleaded, inter alia, another action pending, and the Special Term on motion struck out that plea. This order is also the subject of an appeal. We think that the disposition thereof was orderly and proper at the time; for it is the priority, not the mere pendency, that sanctions such a plea in abatement (1 Ency. of Pleading and Practice, 752), and when the Special Term came to the consideration of the motion it appeared that the same court had theretofore stayed the action thus pleaded until the final decree in the action then before it. Any other disposition of the motion at that time would have involved the review of an adjudication of a court of co-ordinate jurisdiction. But inasmuch as the first adjudication is now pronounced error, the appellant would be entitled to a rehearing, and a denial thereupon of the said order.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.

---

DOERFLER v. POTTBERG et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1915.)

Appeal from Special Term, Kings County.

Action by Abraham Doerfler against Sarah E. Pottberg and others. From an order, certain defendants appeal. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

PER CURIAM. Order affirmed, without costs, but without prejudice to further application to the Special Term. See Isabella R. Doerfler v. Pottberg, 156 N. Y. Supp. 106, decided herewith.

---

(92 Misc. Rep. 402)

KIRSCHNER v. ABBOTT'S BAKERIES, Inc.

(Supreme Court, Appellate Term, First Department. November 16, 1915.)

1. COURTS ⬅➡190—MUNICIPAL COURT—APPEALS—PERFECTION—STATUTE.
    Where defendant's notice of appeal in the Municipal Court correctly recited the court, the amount of the judgment, and the date of its entry, but by inadvertence misstated the defendant's name, defendant also filing an undertaking correctly describing the judgment and the parties thereto, amendment of the notice of appeal nunc pro tunc will be granted, under

Municipal Court Code (Laws 1915, c. 279) § 158, providing for such contingencies, and giving the appellate court ample power to amend "defects or omissions * * * necessary to perfect an appeal."

[Ed. Note.—For other cases, see Courts, Dec. Dig. &⟶190.]

2. COURTS &⟶190—MUNICIPAL COURTS—APPEAL—FINAL ORDER.

Where an order of the Municipal Court failed to comply with Code Civ. Proc. § 767, in that it contained no recital of the papers used on the motion, either by reference to number or otherwise, reciting that "under the circumstances the plaintiff is entitled to an order granting his prayer," which was for an order vacating and setting aside defendant's notice of appeal, such order was not a final order from which an appeal could be taken.

[Ed. Note.—For other cases, see Courts, Dec. Dig. &⟶190.]

Action by Abraham Kirschner, an infant, by Sarah Kirschner, his guardian ad litem, against Abbott's Bakeries, Incorporated. On motion by defendant for an order amending a notice of appeal nunc pro tunc and for an order granting a stay pending an appeal. Motion to amend notice of appeal granted, and motion for stay denied.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Walter Jeffreys Carlin, of New York City, for appellant.

Mortimer W. Solomon, of New York City, for respondent.

PER CURIAM. [1] The defendant herein moves for an order amending nunc pro tunc a notice of appeal taken from a judgment entered in the Municipal Court in favor of the plaintiff, by substituting the name "Abbott's Bakeries, Incorporated," instead of the name "Charles E. Abbott," which now appears therein as the name of the defendant. Upon the trial of the action this substitution was made by consent of the defendant. Plaintiff recovered a judgment, and by inadvertence the defendant's notice of appeal filed with the clerk contained the name of "Charles E. Abbott" as defendant, instead of "Abbott's Bakeries, Incorporated," although correctly reciting the court, the amount of judgment, and date of its entry. The defendant also filed an undertaking correctly describing the judgment and the parties thereto. The plaintiff was in no way misled by this misdescription of the defendant in the notice of appeal, and section 158 of the Municipal Court Code provides for just such contingencies, and gives the appellate court ample power to amend any "defects or omissions * * * necessary to perfect an appeal," etc. The motion in this respect should therefore be granted.

[2] The moving papers herein also ask for a stay pending an appeal from an order of the Municipal Court vacating the above-mentioned notice of appeal, and setting aside the undertaking and directing that an execution issue upon the judgment. It appears from the papers used on the motion that, after 20 days had expired from the date of entry of the judgment, the plaintiff moved for an order "directing the clerk of the court to issue an execution upon the judgment heretofore obtained and for an order vacating and setting aside the notice of appeal filed herein and vacating the undertaking on ap-

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes'

peal also filed herein." This motion was contested, and upon the hearing was granted, and what the defendant deems an order was entered, from which it has taken an appeal. A copy of this purported order entered upon the motion is handed up with the motion papers. It fails to comply with section 767 of the Code of Civil Procedure, in that it contains no recital of the papers used upon the motion, either by reference to number or otherwise. That it was not intended as a final order is evidenced by the statement contained therein that "under the circumstances the plaintiff is entitled to an order granting his prayer herein." So far as now appears there is no order from which an appeal can be taken. In view of the amendment to the notice of appeal granted herein, the ground for an entry of an order vacating such notice has been removed, and therefore no order should be entered.

Motion to amend the notice of appeal nunc pro tunc granted, and motion for stay denied. Temporary stay vacated.