E. Adele Clarrisio, Respondent, *v.* Coney Island and
Brooklyn Railroad Company, Appellant.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

Default — in Municipal Court of city of New York — calendar — stipu-
lation — when Municipal Court Code, § 129, not applicable.
Judgments — vacation of, entered on inquest — motions and orders —
appeal — Municipal Court Code, § 6(7).

Where the managing clerk of defendant's attorney signed a
stipulation that a cause in the Municipal Court be restored to
the trial calendar for a day certain and the court refuses to set
the case down for trial on that day and of its own motion
without notice to or by the consent of the defendant's attorney
orders the case for trial for another day, defendant by failing
to appear on that day was guilty of no negligence or omission
of legal requirement, consequently, there was no default on its
part and section 129 of the Municipal Court Code does not
apply.

A judgment entered against defendant on an inquest taken
on the day set by the court for the trial of the case was of no
force and effect, and, as under section 6 (7) of the Municipal
Court Code the court had a right to vacate such judgment, a
motion to set aside the inquest and vacate the judgment should
have been granted.

While the order denying such motion was not appealable
defendant may either treat the judgment as a nullity and attack
its enforcement if attempted, or, the court below having denied
the motion solely upon the ground that it was not made until
after the expiration of one year from the entry of judgment,
defendant may renew the motion either before the same justice
or with his permission before another.

Appeal by defendant from order of the Municipal
Court of the city of New York, borough of Manhattan,

---

* Received too late for insertion in proper place.—[Repr.

third district, denying a motion to set aside an inquest and vacate a judgment.

George D. Yeomans (Thornton J. Theall, of counsel), for appellant.

Emil H. Reichman (Abraham Brekstone, of counsel), for respondent.

FINCH, J.   The facts necessary to a determination of this appeal are not disputed.  Issue was joined in August, 1916.  It was noticed for trial September 27, 1916, and was adjourned from time to time until finally it was placed upon the reserve calendar upon January 24, 1917.  On January 30, 1917, the managing clerk in defendant's office signed a stipulation of which the following is a copy:

"(Title of case.)  It is hereby stipulated and consented by and between the attorneys for the respective parties hereto that the above entitled action reserved generally on January 24th, 1917, be and the same is hereby restored to the day calendar for trial for the 21st day of February, 1917.

" Dated NEW YORK, *January 30th,* 1917.

" ————————————————

*"Attorneys for Plaintiff.*
" GEORGE D. YEOMANS,
*"Attorney for Defendant."*

On February 21, 1917, the defendant's managing clerk sent a representative to answer the call of the calendar and the case did not appear upon the calendar and was not called.  Defendant's office received no further information regarding the status of the case until on March 21, 1918, over a year later, a letter was

38

received from plaintiff's attorney stating that an inquest had been taken on February 28, 1917, and a judgment for $620 entered in favor of the plaintiff. The defendant thereupon moved to set aside the inquest and to vacate the judgment and to set the case down upon the trial calendar. This motion was made on March 22, 1918, and was denied, the order containing this recital as a ground for the denial: " Solely upon the ground that said motion to open said default and to vacate and set aside said judgment was not made until after the expiration of one year from the entry of said judgment and not upon laches of the defendant in making said motion after it had notice of the entry of such judgment and not upon grounds discretionary in the court or any other grounds except as above provided." It will be seen by this recital that if there were any questions of fact in the case they were decided in favor of the defendant and the sole ground of the denial was based upon the prohibition contained in section 129, subdivision 2 of the Municipal Court Code. It appears in the moving papers, and is not disputed, that in the stipulation of January 30, 1917, above quoted, which originally was wholly typewritten, the time fixed for the trial as February 21, 1917, had been changed by pen and ink to February 28, 1917, and that on the lower left hand corner thereof, written in pen and ink, were these words: " So ordered for February 28th, 1917. A. J. L. J. M. C." It is not claimed that defendant had any notice of this change of date, or by whom or when it was made is not shown. The plaintiff's attorney, in his opposing affidavit, says in reference to it: " The court refused to set the case down for the day mentioned therein and of its own motion ordered the case for trial for the 28th day of February 1917." It must be observed that the stipulation above quoted was not one made under rule 9 of

the Municipal Court Rules. That rule provides that when a cause has been placed upon a calendar of " causes reserved generally " that " Causes may be restored to the trial calendar on three days' notice, or on consent of the parties, for a day to be fixed by the court." In this case the parties had consented that the case might be restored to the trial calendar for trial upon a day certain and fixed by the stipulation, namely February 21, 1917. The fixing of another day for trial and placing the case upon the trial calendar for that other date was not in accordance with the stipulation and was not by the consent of defendant nor upon notice to it, and consequently the inquest taken on the later date was unauthorized and the judgment void.

The judgment was of no more force and effect than if it had been taken on date for which the trial had not been noticed or to which date it had not been adjourned. The defendant by failing to appear upon February 28, 1917, was guilty of no neglect or omission of legal requirement which is the case when a party is in default and consequently there was no default and none of the provisions of section 129 of the Municipal Court Code apply. The court below under the power conferred upon it by section 6, subdivision 7 of the Municipal Court Code had a right to vacate a judgment thus entered and the motion should have been granted.

It appears, however, that this order is not appealable. Section 154 of the Municipal Court Code provides what orders and judgments are appealable, and the order herein appealed from does not come within any of such provisions. However, the defendant is not remediless. He may treat the judgment as a nullity and attack its enforcement if such enforcement is attempted, or, as the court below declined to vacate

this judgment solely upon the ground of lack of power, it would seem that the defendant would have the right to make another motion for the same relief either before the same justice or with his permission before another, upon which motion the court below could exercise its power and vacate the judgment.

It follows that the appeal should be dismissed.

Lehman, J., concurs; Pendleton, J., not sitting.


Appeal dismissed.