STONEWARE ELECTRIC STOVE WORKS, Plaintiff, *v.* WIL-
LIAM M. BARRETT as President of the Adams
Express Co., an Unincorporated Association Con-
sisting of Seven Persons, Defendant.

(City Court of the City of New York, Special Term, June, 1921.)

Motions and orders—examination of third person in supplemen-
tary proceedings unauthorized—void Municipal Court judg-
ment—Municipal Court, city of New York, Code, §§ 6(7), 129;
Rule 9.

Where upon granting a motion in the Municipal Court to
restore a cause marked " reserved generally " to the trial
calendar as required by rule 9, Municipal Court Rules, no formal
order is made and entered, the defendant, by not appearing
on the day an inquest was taken, is neither guilty of neglect
or omission and is not in default.

The judgment so rendered in the absence of the defendant
was therefore void, and an order for the examination of a third
person in proceedings supplementary to execution issued upon
the transcript of said judgment, which was filed a year and four
days after the original entry of judgment, is unauthorized and
will be vacated and set aside, even though a motion by defend-
ant under section 6(7) of the Municipal Court Code, to vacate
and set aside the judgment as unauthorized and void, was
denied on the ground that under section 129 of said Code the
motion should have been made within a year after the original
entry of judgment.

MOTION to vacate and set aside an order for the examination of a third party.

Stockton & Stockton (George M. Billings, of counsel), for motion.

Kamen & Ostertag (Bernard I. Kamen, of counsel), opposed.

FINELITE, J.  This is a motion to vacate and set aside an order for the examination of a third party which it is claimed has property of the judgment debtor.  The judgment upon which these proceedings supplementary to execution are instituted was rendered in the Municipal Court upon the non-appearance of the defendant at Trial Term.  Said cause had been noticed for trial; was later marked " reserved generally."  Thereafter and on or about March 16, 1920, the judgment creditor here (the plaintiff there) served a notice for an order restoring the case to the trial calendar.  It seems that on the return of said notice the justice of the Municipal Court before whom the same came on to be heard indorsed on said notice the following:  " Motion to restore is granted on default and case is set for April 9, 1920.  F. J. C., Jr."  No formal order was made or entered.  An inquest was taken on April 6, 1921, on the non-appearance of the defendant and judgment entered in said Municipal Court on that day, and a transcript of the judgment was filed in the county clerk's office, New York county, on April 20, 1921, one year and four days after the original entry of the judgment. Defendants claim that they knew nothing of the disposition of said notice to restore the cause to the trial calendar in that they were not served with any order of the court's direction in that particular, and were first apprised of the existence of any judgment on or about April 21, 1921, when they received notice from the sheriff that he held an execution to be levied

upon their property. Thereupon they moved to vacate and set aside said judgment on the ground that it was void, that the judgment was unauthorized and that the court had no right to render judgment against the defendant. Said motion was made under subdivision 7, section 6, of the Municipal Court Code. Said motion was denied, the grounds given being that under section 129 of the Municipal Court Code motions to open default must be made within a year after the date of entry of judgment. Defendant's practice now is to arrest the collection or enforcement of said judgment if he be remediless to vacate it. Such practice is proper in the circumstances, as the defendant may treat the judgment as a nullity and attack its enforcement if such enforcement be attempted. *Clarrisio* v. *Coney Island & B'klyn R. R. Co.,* 104 Misc. Rep. 592. Whether or not the judgment may be regarded as a nullity so far as its enforcement is concerned depends upon the answers to the propositions as to whether or not the case was properly placed on the calendar and the power of the court to render judgment for the plaintiff in the absence of the defendant. And the conclusions there to be reached depend upon whether said justice in the circumstances should have entered an order restoring the cause and the defendant received proper notice thereof. Causes marked " reserved generally " are restored to the trial calendar of the Municipal Court by virtue of rule 9, Municipal Court Rules, which provides for the restoration of such causes on three days' notice or on consent of the parties for a day to be fixed by the court. It will be noted that the notice by plaintiff to thus restore the cause specifically notified defendant that plaintiff would apply for an order, and defendant was justified in assuming that if plaintiff was successful in obtaining the relief sought

City Court of New York, June, 1921.    [Vol. 115.

the order thus obtained would be served on him. In *Garrison* v. *Barrett,* 176 N. Y. Supp. 19, it was held that to carry into effect said rule 9 the entry of an order is necessary, and that rule 33 of the Municipal Court requires that where both parties have appeared by attorneys copies of all papers which are required to be filed with the clerk shall be served upon the attorney for the adverse party, with notice of filing, within one day of the date of such filing. Defendant received no notice of any determination of the court. The indorsement upon the notice is not an order of the court. *Kirschner* v. *Abbott's Bakeries,* 92 Misc. Rep. 402; *Shames* v. *Barrett,* 166 N. Y. Supp. 756. This case could only have been restored to the calendar by order of the court. No order having been made or entered, the case improperly appeared upon the calendar, and the judgment entered upon default was void. *Rethy* v. *Orszag,* 102 Misc. Rep. 540. As was said in the *Clarrisio Case, supra:* "The judgment was of no more force and effect than if it had been taken on date for which the trial had not been noticed or to which date it had not been adjourned." The conclusion must here be reached that the defendant by not appearing in said Municipal Court on the date the inquest was taken against it was guilty of no neglect or omission and was not in default. The judgment rendered was void, and the attempt to enforce its collection by supplementary proceedings in this court is without warrant, and the order herein by a justice of this court made on June 3, 1921, directing the examination of the Chase National Bank as a third party must be vacated and set aside.

Ordered accordingly.