MORRIS CASSIN, Doing Business as M. CASSIN COMPANY, Respondent, *v.* LOUIS SCALA and Another, Appellants.

Supreme Court, Appellate Term, First Department, October 31, 1934.

*Herman M. Sklar*, for the appellants.

*Max Ornstein*, for the respondent.

PER CURIAM. Plaintiff in an informal and unverified complaint set out two claims: (1) To recover $100 upon the check of defendant Louis Scala; (2) damages and special damages for breach of contract, $500.

Defendants defaulted on the trial and without inquest judgment was entered by the clerk on plaintiff's affidavit for $680, the total amount claimed in the complaint, with interest and costs.

Defendants moved to open the default, and the motion was granted on condition that defendants within three days file a sufficient bond or deposit cash in an amount equal to the judgment, "otherwise denied." The terms imposed were well within the discretion of the court.

Defendants, failing to comply with the order, moved to vacate the judgment as having been improperly entered without inquest, and that motion was denied. As the order denying the motion is not appealable as of course, and no permission to appeal was given,

the appeal from that order must be dismissed. (See *Clarrisio* v. *Coney Island & Brooklyn R. R. Co.*, 104 Misc. 592; *Stoneware Electric Stove Works* v. *Barrett*, 117 id. 699.)

Subdivision 3-a of section 6 of the Municipal Court Code provides for the entry of judgment by the clerk, without taking an inquest, on a complaint, petition or counterclaim " demanding liquidated damages " where the complaint is verified; " otherwise "— that is, in such a liquidated damage case where the complaint is not verified — an affidavit setting forth the facts entitling the plaintiff to judgment shall be filed. (See, also, Mun. Ct. Code, § 80.) Since $500 of plaintiff's $600 claim in this action was demanded as " damages and special damages " we have here a case of unliquidated damages, and an inquest before the court was a necessary preliminary to the entry of the judgment. (Carmody N. Y. Prac. [1923 ed.] §§ 332, 333.)

Order of December thirteenth modified by vacating the judgment and by opening the default, provided defendants within ten days after service of order to be entered hereon give a sufficient bond or deposit cash in the sum of $600 for the payment of any judgment plaintiff may recover, and that in the event of default of compliance with condition plaintiff may enter judgment on inquest, and as modified affirmed.

Appeal from order of December 22, 1933, dismissed.

All concur; present, Lydon, Callahan and Shientag, JJ.