of the conveyance, if upheld, is that Wright receives payment in full of his indebtedness, while the other creditors receive but a small percentage. In cases of this kind we must start with the broad proposition that it is the purpose of the national bankruptcy act to maintain equality among the creditors so that all of the same class will receive the same percentage of payment. Pirie v. Chic. Title & Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

### In re HUFF.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1910.)

1. INTOXICATING LIQUORS (§ 248*)—LIQUOR TAX LAW—SEIZURE OF LIQUORS—
WARRANT—COMPLAINT.

   Under Liquor Tax Law (Consol. Laws, c. 34) § 33 (2), providing that on verified complaint "setting forth facts which establish" that liquors are kept in any place for the purpose of unlawful sale, or that there is probable cause for believing that liquors are so kept, a justice of the Supreme Court shall, if satisfied that there is probable cause to believe liquors are so kept, issue his warrant commanding search of the premises for such liquor, and seizure thereof, if found, a complaint solely on information and belief and containing no statement showing any fact from which personal knowledge can be inferred of the source of complainant's information, or the grounds of his belief, does not authorize issuance of the warrant.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 368, 369; Dec. Dig. § 248.*]

2. INTOXICATING LIQUORS (§ 248*)—LIQUOR TAX LAW—SEIZURE OF LIQUOR—
WARRANT—COMPLAINT.

   Nor is such complaint assisted as a statement of material facts by the affidavit of another than complainant that he has read the complaint, and knows the contents, and that the same is true of his own knowledge; this being merely to the effect that of such affiant's own knowledge complainant has been informed of, and believes, the statement of the facts he has alleged on information and belief.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 248.*]

3. INTOXICATING LIQUORS (§ 250*)—LIQUOR TAX LAW—SEIZURE OF LIQUORS—
ORDER ON RETURN DAY.

   Where warrant for search and for seizure of liquors has been issued under Liquor Tax Law (Consol. Laws, c. 34) § 33 (2), on an insufficient complaint to authorize it, the person served therewith, and from whose possession the liquor is taken, being directed by the notice in the warrant to appear at a certain time and place before the magistrate who issued the warrant to show cause why the property so taken from his possession should not be forfeited to the state, is entitled on application then made to an order dismissing the complaint and vacating and setting aside the warrant and the seizure thereunder, sufficient cause why the seizure and proposed forfeiture were unauthorized appearing on the face of the papers themselves, though such statute does not in terms authorize such an application.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 250.*]

4. INTOXICATING LIQUORS (§ 253*)—LIQUOR TAX LAWS—SEIZURE—APPEAL FROM
INTERLOCUTORY ORDER.

   Though there is no definite warrant in the statute for an appeal from an interlocutory order in proceedings under the liquor tax law (Consol.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Laws, c. 34) for seizure of liquor and forfeiture thereof to the state, one may be had under the general rule applicable to special proceedings.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 253.*]

Spring and Kruse, JJ., dissenting.

Appeal from Special Term, Wyoming County.

In the matter of the application of John W. Huff for a warrant to search for and seize liquors kept, stored, and deposited for unlawful sale or distribution on premises located in the town of Pike, village of Pike, county of Wyoming, occupied by Frank J. Maher, known as "Eagle Hotel." From an order denying a motion to dismiss the complaint and vacate and set aside the warrant issued thereon, and the seizure made under the direction of said warrant, said Maher appeals. Reversed, and motion to dismiss granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank W. Brown, for appellant.

Friend H. Miller, for respondent.

ROBSON, J. The warrant under which the officer seized the property specified in his receipt returned with the warrant was issued by a justice of the Supreme Court upon presentation to him of the verified complaint of John W. Huff accompanied by an additional verification made by Clarence J. Philbrick. The application for the warrant was made under section 33 of the liquor tax law (Laws 1909, c. 39; Consol. Laws, c. 34), providing for the "search for, seizure, and forfeiture of liquors kept for unlawful traffic." There is no question but that the complainant was by the statute permitted to make the verified complaint provided for by subdivision 2 of this section. In effect, the statute further prescribes and requires ,that the complaint made thereunder shall set "forth facts which establish that liquors are kept, stored or deposited in any place in this state for the purpose of unlawful sale or distribution therein, within this state or that there is probable cause for believing that liquors are so kept, stored, or deposited." It is only upon such a complaint that any of the judicial officers designated in the statute can issue the warrant therein provided for. If the complaint, upon which the magistrate acts in issuing the warrant, does not substantially meet these statutory requirements, it would seem to follow that the warrant issued thereon would be unauthorized and upon proper application should be so declared. The requirement of the statute is that the complaint shall set "forth facts which establish," etc., as above quoted. The complaint on which the warrant in these proceedings was issued was as to all material allegations of fact tending to establish that the liquors in question were in fact or that there was probable cause for believing that they were kept, stored, or deposited for the purpose of unlawful sale or distribution made solely on information and belief. Nor does it contain any statement showing any fact from which personal knowledge of any one of these facts so alleged by complainant can be inferred.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is equally barren of any statement showing the sources of his alleged information or the grounds of his belief.

Nor is the complaint assisted as a statement of material facts by the subjoined affidavit of Philbrick, which accompanies the complaint. His affidavit states only his residence, and "that he has read the foregoing complaint, and knows the contents thereof, and that the same is true of his own knowledge." That is, as to the material facts he simply swears that of his own knowledge the complainant has been informed of, and believes the statement of, the facts he has alleged on information and belief. This is clearly insufficient as a statement that he knows those material facts to be true. Hitner v. Boutilier, 67 Hun, 203, 22 N. Y. Supp. 64.

That allegations of information and belief as to the existence of facts are ineffectual as a statement of such facts sufficient to support even a warrant of attachment has many times been decided. This general and well-recognized rule is stated in Buell v. Van Camp, 119 N. Y. 160, 165, 23 N. E. 538, as follows:

"The mere averment, however, of a fact upon information and belief without more is not sufficient; but the sources of the information and the grounds of the belief must be stated so that the judicial officer to whom the affidavit is presented may judge whether the information and belief have a proper basis to rest on; and, if he is satisfied that they have, then the affidavit is sufficient to invoke his jurisdiction and to be submitted to his determination. And such is the rule recognized we believe in all cases on the subject."

That an affidavit upon information and belief will not confer jurisdiction upon the court, and authorize the issuance of a warrant for search and seizure under a statute having essential features of purpose and practice somewhat similar to those of the statute now under consideration, is held in State of North Dakota ex rel. v. McGahey et al., 12 N. D. 535, 97 N. W. 865. State of North Dakota ex rel. v. Patterson, 13 N. D. 70, 99 N. W. 67. That there are cases in other jurisdictions which apparently uphold warrants for search and seizure under statutes of kindred purpose issued upon a complaint or application made on information or belief has not escaped attention. But it is believed that the practice prescribed in the statutes under consideration in those cases differs so materially from the requirements of the statute now under consideration that they are not useful either as precedents or as matters of argument in arriving at our decision.

The order from which the appeal is taken affects a substantial right of the appellant. The warrant directed search of the premises in which the complaint stated appellant kept, stored, and had deposited liquors for the purpose of unlawful sale and distribution. He was served with a copy of the warrant, notice to appear before the magistrate who issued the warrant, and a copy of the receipt. Service of these papers was made upon him, as the order recites, as being the person keeping the property seized. Appellant's right of possession of the property was unwarrantably interfered with under an unauthorized warrant. "The dwellings and premises of citizens are under the highest protection against search, and may not be invaded with impunity, save on full compliance with constitutional and statutory requirements." Johnson v. Comstock, 14 Hun, 238, 242. Appellant had

apparent right of possession of the property taken. This right was invaded, and the property taken from him by the officer assuming to act under the warrant. He was invited by the notice served upon him to appear before the magistrate who issued the warrant at a specified place and time, and show cause why the property so taken from his possession should not be forfeited to the state of New York. Sufficient cause why the seizure and projected forfeiture were unauthorized appeared on the face of the papers themselves. The attention of the magistrate was duly called to that fact. Appellant was then entitled to the order he asked for, vacating and setting aside the complaint and warrant, and directing the officer who made the seizure to restore the property seized to the possession from which it had been taken. Denial of appellant's motion denied him the substantial right to immediate possession of the property, and immunity from further vexation in an unauthorized proceeding. It is true that the statute in question does not in terms authorize such an application as that which the order appealed from denies; nor, on the other hand, does it prohibit it. The proceeding under this statute is of the character of those denominated in the Code of Civil Procedure as "special proceedings." Although there be no definite warrant in the statute under which the proceedings are taken for an appeal from an interlocutory order, the general rule applicable to special proceedings should obtain. Hooker v. City of Rochester, 57 App. Div. 530, 68 N. Y. Supp. 301; Matter of City of Rochester (In re Neun) 102 App. Div. 99, 92 N. Y. Supp. 478.

Order reversed and motion to dismiss granted. All concur, except SPRING and KRUSE, JJ., who dissent in a memorandum by SPRING, J., and vote for dismissal of appeal.

SPRING, J. (dissenting). I heartily concur in what our learned Brother has so well said as to the insufficiency of the complaint and accompanying affidavit to authorize the issuance of the warrant in this matter.

With all due deference, however, it does seem to me that no order at all should have been granted, and, having been granted, that it was not appealable. The proceeding to make effective the liquor tax law by the seizure of liquors stored or deposited for unlawful sale was added to the statute by chapter 350, Laws 1908, § 31c, and it will be found in the liquor tax law of the consolidated laws and is section 33 of that act. See 3 Consol. Laws, p. 2235 et seq., c. 34. The proceeding is founded upon a verified complaint of a special agent or of some other officer or person, setting forth facts showing that liquors are kept or deposited in a place specified for the purpose of unlawful sale or distribution, or that there is probable cause that such is the case. Whereupon a justice of the Supreme Court or county judge may issue a warrant directed to any peace officer or special agent requiring that he forthwith search the premises, and seize the liquors, if found, and safely keep them. The warrant must contain a notice directed generally to all persons claiming "any right, title, or interest in such liquors to appear before the judge or justice issuing such warrant" at a time and place specified, etc. "At the time and place

specified in the notice contained in such warrant, any person claiming any right, title or interest in the liquors seized under such warrant may interpose an answer controverting the allegations of the complaint upon which such warrant was issued." If an answer is interposed, it becomes an action—not against any individual defendant, but against the property seized.

It will be observed that there is no provision for any motion to be made or for any order to be granted upon the return day of the warrant. There is no appearance in court, but before the judge or justice at chambers. If the moving papers, which comprise the complaint, fail to state a cause of action, that question can be raised on the trial the same as in any other case. There does not seem to be any provision for a demurrer, but that is not important here, for that course was not pursued. The party appealing did appear and raised a multitude of objections to the proceeding and asked for a dismissal, which was denied. I do not believe the court had authority to entertain any of these motions. If so, however, no order should be granted either denying the motion or to dismiss the proceeding. If a motion at all is permissible, which I very much doubt, it should be treated as any motion or application or ruling pending the trial.

The proceeding on the return day of the warrant is confined to the interposition of an answer, if any is interposed. If not, then the justice takes proof as upon a default. If the answer is interposed, eo instanti the proceeding becomes an action and the authority of the judge at chambers ceases. After the answer is interposed, the defendant has all the remedies which may be available after the interposition of an answer in any case. Every question which he has raised here would be available to him when the trial day is reached. No constitutional right of any one is invaded, for every right is preserved, and the mere mode of procedure by which his rights are available to him is unimportant. In my judgment, the justice at chambers has no power to dismiss or to entertain any application involving the sufficiency of the moving papers.

I think the appeal should be dismissed.

KRUSE, J., concurs.