BLANCHE RETHY, Trading, etc., Respondent, *v.* ALEX
ORSZAG, Trading, etc., Appellant.

(Supreme Court, Appellate Term, First Department, February,
1918.)

Service — by mail of notice of trial — jurisdiction — Municipal Court of
city of New York.

> Service by mail of a notice of trial in the Municipal Court
> of the city of New York must be made eight days before the
> date fixed for the trial, and the court has not jurisdiction to
> enter a default judgment against the defendant where the
> notice of trial was so served in less time.
>
> Lehman, J., dissented.

APPEAL from an order denying a motion to vacate a
judgment and granting a motion to open, upon terms,
a default judgment of the Municipal Court of the city
of New York, borough of Manhattan, seventh district.

Dorian DeMillo, for appellant.

Isidore Lowenbraun, for respondent.

WEEKS, J. In this case, the plaintiff's attorney
claims to have mailed a notice of trial to the defend-
ant's attorney on June 11, 1917, fixing June eighteenth
as the date for trial, and on that day judgment was
entered on default and execution issued. Defendant's
first knowledge of the default judgment was when the
marshal called at defendant's place of business on
Thursday, June twenty-first. Defendant's attorney
immediately telephoned to the attorney for the plain-
tiff and stated that he had not received any notice of
trial and asked to have the default opened.

This request was refused, and on Monday, June
twenty-fifth, an order to show cause was obtained
returnable June twenty-ninth, to vacate and set aside

the judgment upon the ground that no notice of trial was served, or for the opening of the default if the court held that notice of trial had been served. The motion to vacate the judgment was denied, but the motion to open the default was granted upon condition that the defendant deposit the amount of the judgment in court as security.

On July 6, 1917, the defendant obtained an order to show cause why a reargument of the motion to vacate the judgment should not be granted upon the ground that the court was without jurisdiction to enter the judgment because the notice of trial, which it was claimed was mailed on June 11, 1917, fixed the date of trial for the eighteenth day of June, and did not allow eight days, which, it was claimed, were required under section 798 of the Code of Civil Procedure. This motion was denied and the appeal is now taken from the order denying the motion to vacate the judgment.

The question presented, therefore, is whether the service by mail of a notice of trial in the Municipal Court must be made eight days before the date fixed for trial.

Section 95 of the Municipal Court Code provides as follows: "Upon joinder of issue the clerk shall place the case upon a general calendar. Where either party appears in person, the clerk shall fix a date for trial not less than five nor more than eight days after joinder of issue, and shall immediately notify the parties by mail of such date. Unless otherwise provided by the rules, where both parties appear by attorney either party may serve a notice on the other fixing a date for trial not less than five nor more than eight days after the service of such notice."

There is no provision in the Municipal Court Code, or by the rules, for the service of notice of trial by mail, but section 15 of said Code provides that "Except

as otherwise provided in this act or in the rules, the practice, pleadings, forms and procedure in this court shall conform, as nearly as may be, to the practice, pleadings, forms and procedure existing at the time in like causes in the supreme court, any statutory limitations, heretofore enacted, to the contrary thereof notwithstanding.''

Section 798 of the Code of Civil Procedure provides as follows: ''Where it is prescribed in this act, or in the general rules of practice, that a notice must be given, or a paper must be served, within a specified time, before an act is to be done; or that the adverse party has a specified time, after notice or service, within which to do an act; if service is·made through the post-office, three days shall be added to the time specified, except that service of notice of trial may be made, through the post-office, not less than sixteen days before the day of trial, including the day of service.''

The rule of the common law that, where notice is required to be given, personal notice is meant, has long been recognized in this state (*Peabody* v. *Satterlee,* 166 N. Y. 174, 177, and cases cited ), and unless it be held that the provisions of section 798 of the Code of Civil Procedure are applicable to the service of notice of trial in the Municipal Court there is no method provided for the service of such notice except by delivery of the same personally to the party or his attorney.

Prior to 1840 service of papers through the post-office was not good service. By rule of court adopted in that year provision was made for service of papers by mail in cases *where the attorneys resided in different places,* between which there was a communication by mail. This rule was substantially incorporated in the Code of Procedure and was further extended by

the provisions of the Code of Civil Procedure. Prior to 1910 the effect of service by mail was to double the time within which service must be made except that service of notice of trial might be made not less than sixteen days before the day of trial. By the amendment of 1910 there was substituted for double time the provision that " three days shall be added to the time specified."

If it be held that this provision for the addition of three days to the time specified for service by mail of a notice of trial in the Municipal Court does not apply because the section of the Code of Civil Procedure fixes a specific time for service of notice of trial, there is no statutory provision authorizing the service of a notice of trial by mail in the Municipal Court.

While it might be considered that there was no necessity for making provision in the Municipal Court for service by mail, where parties have appeared by attorney, as such a large proportion of the attorneys would have their offices in the city of New York, the limitation of time of " not less than five nor more than eight days " within which such service must be made indicates that the legislature had in mind the statutory provision of the Code of Civil Procedure adding three days to the time specified for personal service.

I am of the opinion therefore that the mailing of a notice of trial only seven days before the date fixed for the trial was not sufficient notice and did not give the court jurisdiction to enter judgment on default.

The statements contained in plaintiff's affidavit as to the financial responsibility of defendant cannot affect the right of defendant to his day in court. Nor does the claim that the defendant delayed making his motion to open the default until it was too late to bring the case to trial before the close of the June term have any weight. The plaintiff himself did not attempt

to bring the case to trial until June eighteenth although issue was joined on May ninth.

The order appealed from should therefore be reversed and the judgment vacated, with ten dollars costs to appellant.

FINCH, J., concurs.

LEHMAN, J. (dissenting). Section 95 of the Municipal Court Code provides that " Upon joinder of issue the clerk shall place the case upon a general calendar. Where either party appears in person, the clerk shall fix a date for trial not less than five nor more than eight days after joinder of issue, and shall immediately notify the parties by mail of such date. Unless otherwise provided by the rules, where both parties appear by attorney either party may serve a notice on the other fixing a date for trial not less than five nor more than eight days after the service of such notice, and shall file such notice, with proof of service thereof, with the clerk, who shall thereupon place the case on the calendar for trial."

While under this section a notice of trial must be given by the clerk by mail, there is no express provision therein permitting the attorney to serve such notice by mail. Section 796 of the Code of Civil Procedure provides, however, that: "A notice or other paper in an action may be served on a party or an attorney, either by delivering it to him personally, or in the manner prescribed in the next section," and the next section provides for service through the postoffice. Inasmuch as the Municipal Court Code has not expressly provided for the manner in which a notice of trial shall be served by the attorney, it seems to me clear that under section 15 of the Municipal Court Code these sections of the Code of Civil Procedure providing how notices may be served are applicable

in the present case.   It is claimed, however, that if these two sections are applicable, then section 798 of the Code is also applicable.   That section provides that " Where it is prescribed in this act, or in the general rules of practice, that a notice must be given, or a paper must be served, within a specified time, before an act is to be done; or that the adverse party has a specified time, after notice or service, within which to do an act; if service is made through the post-office, three days shall be added to the time specified, except that service of notice of trial may be made, through the post-office, not less than sixteen days before the day of trial, including the day of service."

It is quite evident that the clause that " service of notice of trial may be made through the post-office not less than sixteen days before the day of trial including the day of service " is not applicable to the Municipal Court.   The real question in this case then is whether where   service of a notice is . made through the mail three days must be added to the time within which such service must be made?   While the point is not clear of doubt, it seems to me that the legislature did not intend to make this provision applicable to notices of trial in the Municipal Court.   Where a party appears in person the clerk is required to notify the parties by mail of the date fixed for trial " not less than five nor more than eight days after joinder of issue."   Clearly the additional three days has no special application to notice by mail for the statute contemplates only service by mail.   The same time is fixed for a notice by a party where both parties have appeared by attorneys.   I see no reason to believe that the legislature intended that, where a party serves such notice even by mail, he is required to add to the time an additional three days.

It seems to me, on the contrary, that when this

35

section of the Municipal Code is read in its entirety, it would appear that the legislature intended to provide for exactly the same notice whether such notice be served by the clerk of the court or by a party unless otherwise provided by the rules of the court. In my opinion the provision for the additional three days within which notices must be served, if served by mail, has no application either in the Supreme Court or in the Municipal Court to notices of trial but that in both cases the legislature has made specific provision for the time in which such notices should be served.

It follows that the order should be affirmed, with costs.

Judgment reversed, with costs.