ROSE GREENBAUM, Respondent, *v.* ABRAHAM GOLDBERG, Appellant.

(Supreme Court, Appellate Term, First Department, November, 1918.)

Appeal — from judgment and order — motions and orders — Municipal Court Code, §§ 155, 156.

In an action to recover for the sale and delivery of a carload of lumber, defendant admitted the delivery, claimed that he had purchased less than the quantity delivered; that a

portion of the lumber was not of sizes ordered; that he had tendered plaintiff the excess lumber and that he had been compelled to pay excess freight charges and demurrage and counterclaimed for such amount and damages. Upon the trial before the court without a jury judgment was rendered in favor of plaintiff for the full amount of his claim but no disposition was made of the counterclaim though it was sharply contested. On appeal from the judgment and from an order amending it so as to contain a recital that the counterclaim had been dismissed upon the merits, *held*, that the motion to amend having been made within the time limit of section 129(3) of the Municipal Court Code, the court had power under section 6(7) of said Code to grant the motion.

Though the order granting the amendment was not appealable, it was reviewable under sections 155 and 156 of the Municipal Court Code upon the hearing of the appeal from the judgment.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, rendered in favor of the plaintiff, and from an order of said court amending the judgment.

Barnett E. Kopelman, for appellant.

Henry Amster, for respondent.

Guy, J. This is an appeal by the defendant from a judgment rendered in favor of the plaintiff and bringing up for review an order amending the judgment so as to contain a recital that the counterclaim was dismissed upon the merits. The action was brought to recover for the sale and delivery of a carload of lumber. The defendant admitted the delivery of the lumber but claimed that he had purchased less in quantity than the amount delivered; that a portion of the lumber was not of the sizes ordered; that he had ten-

dered the plaintiff the excess lumber and that he had been compelled to pay excess freight charges and demurrage and counterclaimed for such amount and damages.

Upon the trial the issues upon the counterclaim were sharply contested, both sides giving testimony relative thereto. The case was tried before the court without a jury and on May 28, 1918, he rendered a judgment in favor of the plaintiff for the full amount of his claim but made no disposition of the counterclaim in the judgment. Thereupon the plaintiff on June 3, 1918, made a motion to have the judgment amended by inserting therein a recital that the counterclaim had been dismissed upon the merits and that motion was granted. The record, however, contains no judgment entered in pursuance of such direction though we may assume that such a judgment was duly entered. The order itself is not an appealable one (Mun. Ct. Code, § 154), but under the provisions of sections 155 and 156 of the Municipal Court Code may be considered upon an appeal from the judgment.

While the tenor of the earlier decisions was to the effect that a failure to dispose of the counterclaim in the judgment rendered a new trial necessary it was held in *Rosenberg* v. *Aldhaus,* 132 N. Y. Supp. 369, " that * * * where it is fairly inferrable that the trial court passed upon all the issues, the judgment can be affirmed, even where the judgment does not specifically refer to the counterclaim." It is, however, strenuously urged by the appellant that the court below had no power, once the judgment had been entered, to amend it by inserting such a recital as asked for herein. It will be observed that the motion for such amendment was made within the time provided therefor in section 129, subdivision 3, of the Municipal

Court Code. By section 6, subdivision 7, of the Municipal Court Code the power is given the Municipal Court to correct or amend any judgment in the furtherance of justice for any "error in form or substance" (see *Petsche* v. *MacDonald,* 94 Misc. Rep. 656), and for errors which, however, it is apparent from the record are merely the result of oversight, it has never been doubted that corrections may be made.

The cases cited by the appellant in support of his position are not in point. In *Trustees of Masonic Hall* v. *Fontana,* 99 Misc. Rep. 497, there was substantially a new judgment entered and long after the entry of the original one. In *Miller* v. *Garfinkel,* 167 N. Y. Supp. 293, the court expressly said: "nor is there anything in the record from which it can be inferred that they (the counterclaims) were considered." In *Shames* v. *Barrett,* 166 N. Y. Supp. 756, the court said: "The attempted amendment was in substance a new decision  *  *  *  it was made months after the case was submitted."

It follows that the judgment and order should be affirmed, with twenty-five dollars costs.

BIJUR and MULLAN, JJ., concur.

Judgment and order affirmed, with costs.