## COUNTY COURT — ORANGE COUNTY.

### September, 1921.

## MATTER OF APPLICATION FOR WARRANT.

### (116 Misc. 512.)

INTOXICATING LIQUORS—SEIZURE IN PREMISES NOT DESIGNATED IN SEARCH WARRANT UNAUTHORIZED—RESTITUTION.

A seizure of intoxicating liquors in premises other than those designated in the search warrant under which the seizure was made is unauthorized, and upon granting a motion to dismiss the proceeding the liquor so seized must be returned to the owner.

APPLICATION for dismissal of complaint asking for warrant to search premises for intoxicating liquors.

*Jonathan D. Wilson, Jr., District Attorney*, for complainant.

*Henry Hirschberg*, for Henry Hoffman.

WIGGINS, J.:

A verified complaint was presented to the court, asking for warrant to search the premises located at 52 Front street, Newburgh, N. Y. A warrant was duly issued authorizing an immediate search of the building situate at 52 Front street, in said Newburgh. On the return of the warrant and the order to show cause why the intoxicating liquors found in the building known as 52 Front street should not be forfeited, one Henry Hoffman appeared specially, claiming the ownership of the liquors, etc., seized, and through his attorney moved to dismiss and vacate the search warrant and complaint on several grounds, one being that the search warrant directed the search of the premises known as 52 Front street, in Newburgh, N. Y., whereas the premises which were searched and wherein the

liquor was found were at a different location, being Nos. 57, 59 and 61 Front street, and that in making such search of premises other than designated in the warrant the peace officer executing the same exceeded his authority, and the search and seizure were made without authority of law, and in violation of the claimant's constitutional rights.

Upon the facts set forth in the complaint herein, the only authority of the peace officer for making a search and seizure was the warrant. The petition asked for the search of the building known as 52 Front street in Newburgh, N. Y. The warrant authorized the search of the building known as 52 Front street, Newburgh, N. Y., and no other place.

Many years ago, the United States Constitution was amended by article 4, which granted to the people the right to be secure in their persons, houses, papers and effects against unreasonable searches and seizures and that no warrant should issue except upon probable cause supported by oath or affirmation " And particularly describing the place to be searched and the persons or things to be seized." All searches and seizures must be in accordance with this constitutional guarantee, which was violated in this case when the warrant authorized the search of a building at 52 Front street, but a different building located at 57, 59 and 61 Front street was searched. There was no authority in the warrant to do this. The peace officer was authorized, as the statute under which it was obtained provides, to search the premises described in the warrant which is the only authority of the peace officer for entering the building. Any seizure made under a search of a property other than that described in the warrant is unlawful and the fact that liquor was actually found in the place searched does not justify the search or sustain the seizure.

In United States v. Slusser (270 Fed. Rep. 818), decided under the Volstead Act in 1921, the court said at page 819: " An unlawful search cannot be justified by what is found. A search that is unlawful when it begins is not made lawful when

it ends by the discovery and seizure of liquor. It was against such prying on the chance of discovery, that the constitutional amendment was intended to protect the people."

The case of Cheek v. State (57 So. Rep. 108) deals with the same question presented on this motion. In that action the search warrant directed the search of a building at " 206 No. 21 St., B'ham, Ala.," known as the Olympian Hotel. The officers entered and seized liquor in a building designated by a different street number, but connected with and used as a part of the Olympian Hotel, and the court, in holding that the entry to the differently numbered building was without authority, said: " On the other hand if the Wilson building was not located at ' 206 No. 21 St., B'ham, Ala.,' but at *some other number,* then, even if connected with the Olympian Hotel by planks, and used in connection with the Olympian Hotel as part of the same, the sheriff had no right to search that building under the directions contained in his affidavit, and the appellant is entitled to recover, whether said liquors were kept there for illegal purposes or not. * * * In the present case the building to be searched was ' 206 N. 21 St., B'ham, Ala., known as the Olympian Hotel ' *and the sheriff was without authority to search any property not coming within that description,* or to seize any liquors situated in any other building."

Peace officers in the execution of a search and seizure warrant must follow strictly the description of the premises as contained in the warrant. The same rule applies in the case of a search for intoxicating liquors as in the case of searches generally and the officer's power is limited to the premises actually described in the warrant. Nothing can be implied from the language therein contained. A warrant to search a dwelling-house of a person confers authority only to search the house in which the person lives and not one owned by him and occupied by another, nor does a direction in a warrant to search a dwelling-house authorize the search of a barn. It, however,

has been held that a warrant which authorizes the search of a dwelling-house and its appurtenances is sufficient to enable the officer to search a stable or outbuildings on the premises, but it will not authorize the search of a building not in the same inclosure. This is the general rule laid down in the American and English Encyclopedia of Law, volume 25, page 153.

In the case at bar, the warrant directed the search of the building situated at 52 Front street, Newburgh, N. Y. The peace officer searched the building known as 57, 59 and 61 Front street, a different premises than described in the warrant. There was no authority for doing this and the liquors seized under that warrant in the premises searched should be returned to this claimant as the owner thereof. It is unnecessary to pass upon the other questions raised on the motion to dismiss. in view of the foregoing disposition. An order will be granted accordingly.

Ordered accordingly.