THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
PETER DE VASTO, Appellant.

Second Department, November 25, 1921.

Crimes — particular crimes — keeping intoxicating liquors in viola-
tion of Penal Law, art. 113 — searches and seizures — motion to
vacate search warrant procured under Code of Criminal Pro-
cedure, § 802b — complaint on which warrant is issued to search
premises for intoxicating liquor must show grounds for belief
that liquor is kept in violation of Penal Law, art. 113 — complaint
cannot be aided by facts discovered on execution of warrant —
warrant is not sufficient which does not contain notice required
by Code of Criminal Procedure, § 802b, as to time and place where
claimant must show cause why liquor seized should not be
forfeited — notice must be embodied in warrant.

A complaint to obtain a search warrant under section 802b of the Code of
Criminal Procedure must set forth facts which show grounds for belief
that liquor is kept in violation of article 113 of the Penal Law or that
there is probable cause for believing that liquor is so kept.

Accordingly, a warrant to search defendant's premises for intoxicating
liquors, claimed to be possessed illegally, will be vacated, where the only
facts shown in the complaint or affidavit are the arrest of a man, the
search of his person and the finding of a bottle of whisky thereon and
statements by said man to deponent that he obtained the liquor from
the defendant.

The allegations contained in the complaint cannot be helped out by facts
discovered by means of the search warrant issued thereon.

Under section 802b of the Code of Criminal Procedure, the defendant was
entitled to at least ten days' notice of the time and place, where he must
appear and show cause why the liquor seized should not be forfeited,
which notice must be embodied in the warrant, and for the purpose of
giving the notice, the officer making the seizure is required to deliver a
copy of the warrant to the person " keeping " the liquor. And so, a
warrant issued on April 16, 1921, and executed on the same day, which
did not contain said notice is void and should be vacated, though on
April 23, 1921, the warrant was amended *nunc pro tunc* as of April six-
teenth, by adding thereto the notice required by statute and made
returnable on April thirtieth. The defendant was entitled as a matter
of right under the statute to ten days' actual notice served at the time
of the seizure of the liquor and not at some subsequent time.

APPEAL by the defendant, Peter De Vasto, from an order
of the Supreme Court, made at the Orange Special Term
and entered in the office of the clerk of the county of Orange

on the 4th day of May, 1921, denying defendant's motion to vacate and set aside the original affidavit, complaint and search warrant issued thereon, and denying defendant's motion to set aside the amended complaint and search warrant, as amended.

*Henry Kohl,* for the appellant.

*Jonathan D. Wilson, Jr., District Attorney,* for the respondent.

JAYCOX, J.:

For the purpose of procuring a search warrant under section 802b of the Code of Criminal Procedure (as added by Laws of 1921, chap. 156) to search for intoxicating liquors claimed to be possessed illegally (Penal Law, art. 113, as added by Laws of 1921, chap. 155) a complaint in the following form (immaterial portions omitted) was laid before a justice of the Supreme Court: " Lawrence Cooney, being duly sworn, deposes and says that he is police officer in the City of Newburgh, N. Y., and that on April 15th at 12 o'clock midnight he arrested one George Mills for intoxication on the public streets of said city, and took the said George Mills to police headquarters in said City of Newburgh. That deponent searched the person of said George Mills and found a bottle of whiskey, which deponent is informed by the said George Mills was purchased by the said George Mills of one Peter De Vasto, who conducts a place at No. 271 Washington Street in the City of Newburgh. That the said Peter De Vasto was formerly engaged in the liquor business in said place and still continues to run said store selling soft drinks, etc. Deponent is informed and believes that the said Peter De Vasto is selling intoxicating drinks and the ground of his belief is the information received from one George Mills." Thereupon a search warrant was issued, the material part of which read as follows: " To Any Peace Officer in the County of Orange, Proof by Affidavit having been this day made before me, by Lawrence Cooney that there is probable cause for believing that intoxicating liquors is [sic] kept, stored or deposited at No. 271 Washington Street in the City of Newburgh, N. Y., and that Peter De Vasto is the proprietor or occupant of said premises. You Are Therefore Commanded at any time, day or night, to make immediate search of the premises No. 271

Washington Street in the City of Newburgh, Orange County,
N. Y., for the following property: intoxicating liquors con-
taining one-half of one per cent or more of alcohol by volume."

By the provisions of section 802b of the Code of Criminal
Procedure, the complaint, to obtain a search warrant under that
section, is required to set forth facts which show grounds for
belief that liquor is kept in violation of article 113 of the Penal
Law or that there is probable cause for believing that liquor is
so kept. The plain requirement of this section is that the facts
set forth shall justify the belief or establish the probable cause
for believing that liquors are possessed in violation of the statute.
The facts shown by this complaint or affidavit are the arrest
of Mills, the search of his person and the finding of a bottle
of whisky thereon. That is all. It is not directly stated
that Mills was intoxicated upon the public street at the time
of his arrest. All other statements contained in the affidavit
consist of what Mills told the complainant. The facts stated
are entirely irrelevant to the question of the possession of
intoxicating liquor by the defendant. They do not tend in
any way to establish that fact and would be inadmissible
upon the trial of any action involving that issue. The com-
plainant very properly and logically recognizes this fact and
states that " the ground of his belief is the information received
from one George Mills." The People, in support of this
complaint, cite *Buell* v. *Van Camp* (119 N. Y. 160, 165) and
*Matter of Huff* (136 App. Div. 297, 299). These are both
civil cases, and the courts are inclined to view more liberally
the proof submitted when a civil remedy is sought than
when the criminal law is to be set in motion and a drastic
proceeding like this instituted. In the case first cited the
sources of the affiant's information as to defendant's departure
from the State were given as certain affidavits presented to
the same judge to whom that application was made, and filed
in the clerk's office of that county, copies of which were
annexed. The difference is obvious. There the sources of
information were verified and accessible to the court. Here
the source is a presumably intoxicated man's unverified oral
statement. In the other case (*Matter of Huff*) a search warrant
obtained upon a complaint which did not give the sources of
the complainant's information was vacated. In the latter

case, however, the court quotes with approval the rule applicable to all proceedings of this character: "The dwellings and premises of citizens are under the highest protection against search, and may not be invaded with impunity save on full compliance with all constitutional and statutory requirements." (*Johnson* v. *Comstock*, 14 Hun, 238, 242.) The allegations contained in the complaint cannot be helped out by facts discovered by means of the search warrant issued thereon. (*United States* v. *Slusser*, 270 Fed. Rep. 818.) The statute provides that "The warrant shall contain a notice directed generally to all persons claiming any right, title or interest in such liquor or in the vessels containing the same, or in the property, if any, designed for the manufacture of such liquor, to appear before the judge or justice issuing such warrant, at a place and at a time therein specified, not more than twenty days after the issuance of said warrant and not less than ten days after the execution thereof, and show cause why such liquor and the vessels containing the same should not be forfeited." This provision was clearly intended for the benefit and protection of any person claiming the liquors seized. Under it he was entitled to at least ten days' immediate notice of time and place when he was to appear and show cause why the liquor should not be forfeited. For the purpose of giving this notice, the officer making the seizure is required to deliver a copy of the warrant to the person "keeping" the liquor. In this case that could not be done and was not done. The warrant was issued and executed on the 16th day of April, 1921. On the 23d day of April, 1921, the warrant was amended *nunc pro tunc* as of April 16, 1921, by adding thereto the notice required by statute returnable April 30, 1921. It needs no argument to show that a notice of seven days (it could not be more) is not a compliance with a statute requiring ten days. The claimant is also entitled to notice at the time of the seizure and not at some subsequent time. He is entitled to it as a matter of right and not as a matter of grace by the adjournment of the proceeding. It has been held in relation to a summons in Justice's Court that failure to give the notice required by statute renders the process void. (*Nichols* v. *Fanning*, 20 Misc. Rep. 73. See, also, *Rethy* v. *Orszag*, 102

Misc. Rep. 540.) The motion to vacate the warrant should have been granted and the property returned.

It is unnecessary to consider the other reasons urged for reversal, as they are probably peculiar to this case and will not arise again.

The order should be reversed and the motion to set aside the warrant and the amended warrant, and for a return of the liquor seized thereunder, granted.

BLACKMAR, P. J., MILLS, RICH and MANNING, JJ., concur.

Order reversed and motion granted.