STONEWARE ELECTRIC STOVE WORKS, Appellant, *v.* WILLIAM M. BARRETT, as President of the Adams Express Company, etc., Respondent.

(Supreme Court, Appellate Term, First Department, January, 1922.)

Municipal Court of the city of New York — calendar practice — failure to give notice of order transferring cause to day calendar as required by rule 33 of said court — motion to vacate voidable judgment under section 6(7) of the Municipal Court Code — third party order in supplementary proceedings based on said judgment reversed — Municipal Court Code, § 129(2) does not apply.

After a case in the Municipal Court of the city of New York had been placed on the " reserved generally " calendar, a motion by plaintiff to restore it to the trial calendar was granted by an indorsement of the justice on the motion papers, but no formal order was entered and no notice of the so-called order was served on defendant's attorney.   Thereafter, without defendant's knowledge, judgment was entered against him upon an inquest, and more than a year later a transcript of said judgment was filed in the office of the county clerk.   A motion by defendant to set aside and vacate the judgment as void was denied, on the ground that, under section 129(2) of the Municipal Court Code, it was made too late.   After a motion by defendant for a stay had been denied for want of power, plaintiff obtained a third party order for the examination in supplementary proceedings of a bank.   Upon reversing an order granting defendant's motion, made on an order to show cause why the third party order should not be vacated, *held,* that the case was improperly on the calendar of the Municipal Court.

Defendant not having been served with notice of the entry of the order or direction of the justice transferring the cause from the " reserved generally " calendar to the " day calendar " as required by rule 33 of the Municipal Court, the court should not have permitted the inquest or entered judgment as upon a default.

Appellate Term, First Department, January, 1922. [Vol. 117.

The failure of plaintiff to submit proof of compliance with said rule 33 made the judgment entered voidable, and defendant's motion to vacate it should have been granted under section 6(7) of the Municipal Court Code.

Section 129(2) of the Municipal Court Code, which relates only to the opening of defaults, did not apply, and the court below has ample power to grant a reargument of the motion to vacate the judgment or defendant, upon new papers showing what has transpired since the entry of said judgment, may renew the motion to vacate it.

APPEAL by plaintiff from an order made at Special Term of the City Court of the city of New York, vacating an order for the examination of a third party in supplementary proceedings instituted by the plaintiff against the defendant.

Kamen & Ostertag (Sol. S. Ostertag, of counsel), for appellant.

Stockton & Stockton (George M. Billings, of counsel), for respondent.

LYDON, J.  The action was brought in the Municipal Court, issue joined, and the case placed on the "reserved generally" calendar.  Later on, plaintiff's attorneys served a notice of motion on defendant's attorneys to restore the case to the trial calendar.  No opposition was made by defendant and on default the motion was granted.  No formal order was made or entered, but the justice indorsed on the motion papers, "Motion to restore is granted on default and the case is set for April 9, 1920, F. J. C., Jr."  No notice of entry of this so-called order was served on defendant's attorneys.  Thereafter without defendant's knowledge, an inquest was taken and a judgment entered.  Nothing was done by plaintiff for over one year when, on April 20, 1921, a transcript of the judg-

ment was filed in the county clerk's office. Defendant then learned of the judgment and promptly moved in the Municipal Court to vacate and set aside the judgment on the ground that it was void. This motion was denied on the ground that the motion was made too late, as over one year had elapsed. Mun. Ct. Code, § 129, subd. 2. Defendant then moved for a stay, and this motion was denied upon the ground that the court had no power to stay the said judgment. Plaintiff then obtained an order in the City Court for the examination in supplementary proceedings of the bank, a third party, and defendant obtained an order to show cause why said examination order should not be vacated. That motion was granted on the ground that the judgment was void, and the order entered thereon is the order now before this court for review. I think the case in the Municipal Court was improperly on the calendar. *Garrison* v. *Barrett,* 176 N. Y. Supp. 19; *United States Fidelity & Guaranty Co.* v. *Liberty Cloak Co.,* 185 id. 278.

The defendant not having been served with notice of entry of the order or direction of the justice of the Municipal Court transferring the case from the " reserved generally " calendar to the " day calendar " as required by rule 33 of the Municipal Court Rules, the court should not have permitted the inquest or entered the judgment as upon a default. The failure of the plaintiff to submit proof of compliance with this rule makes the judgment entered upon the irregular proceedings of the attorney voidable. The motion made by the defendant to " vacate the judgment " should have been granted under subdivision 7 of section 6 of the Municipal Court Code, which provides that the Municipal Court has jurisdiction " to *vacate,* amend, correct or modify any process, mandate, judgment, order or final order, *in furtherance of justice, for* any error in form or *substance,*"

Appellate Term, First Department, January, 1922. [Vol. 117.

The Municipal Court justice was in error in denying the motion to "vacate the judgment," and in giving as his reason the prohibition contained in section 129, subdivision 2, Municipal Court Code. There is nothing in section 129 which overrides the provisions of section 6, subdivision 7, nor does the limitation of one year in section 129, subdivision 2, have any effect upon the vacating of a judgment under section 6, subdivision 7. Section 129, subdivision 2, has relation only to the opening of *defaults* and distinctly provides: "A motion to open a *default* * * * must be made with due diligence and upon good cause shown and in no event more than a year after the entry of judgment * * *." It will be readily seen that this subdivision has reference only to opening defaults, which by the moving papers are admitted, and the relief which follows the opening of a default is to vacate the judgment. The defendant by failing to appear on the trial day was not guilty of any neglect, or omission of legal requirement which is the case when a party is in default. In the instant case there was no default, and none of the provisions of section 129 of the Municipal Court Code apply. The judgment, however, was not a nullity, and it was error for the court below to so regard it. The Municipal Court has ample power to grant to the defendant a reargument of the motion heretofore denied, or the defendant may apply upon new papers showing what has transpired since the entry of the alleged judgment.

The order appealed from must, therefore, be reversed and the defendant has his remedy as indicated in this opinion.

Order reversed, without costs, and motion denied.

BIJUR and McCOOK, JJ., concur.

Order reversed.