PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES DINEEN (18 Cases Supposed to Contain Whisky), Defendant.

County Court, Bronx County, March, 1922.

**Intoxicating liquors — search warrant — evidence obtained by unlawful search cannot be used on application for search warrant.**

Evidence unlawfully obtained should not be used as the basis of a complaint to obtain a search warrant for the seizure of intoxicating liquors.

A police officer while investigating an alleged burglary entered defendant's home in his absence, without a warrant, and discovered eighteen cases supposed to contain whisky, which were subsequently seized under a search warrant issued upon the complaint of the officer. *Held*, there being nothing to show that the complainant had any knowledge that intoxicating liquors were illegally kept, stored or deposited in the residence of the defendant, a motion to vacate the warrant will be granted and the return of the liquor ordered.

APPLICATION to set aside search warrant and for restoration of property.

County Court, Bronx County, March, 1922. [Vol. 118

*Edward J. Glennon*, district attorney, for plaintiff.

*Maurice F. Cantor (Joseph Shalleck*, of counsel), for defendant.

GIBBS, J. This is an application for an order vacating and setting aside a search warrant and directing that the property seized thereunder be returned to its claimant.

The facts in this case are that on or about August 17, 1921, at about midnight, the complaining witness, a police officer, entered the residence of the defendant and while investigating an alleged burglary discovered eighteen cases supposed to contain whisky. Thereafter police officers were stationed in the defendant's home for a period of two days, after which the cases supposed to contain whisky were seized pursuant to a search warrant issued on the 19th day of August, 1921.

The defendant contends, upon this application, that the complaint upon which the warrant is based does not charge the violation of any law of the state of New York and that the warrant and return are defective.

Paragraph " third " of the complaint reads as follows:

" That the facts and circumstances upon which the complainant states that there are grounds for belief and probable cause for believing that intoxicating liquor is so kept, stored and deposited in the said premises are as follows: At about 12:05 P. M. August 17th, 1921, while investigating an alleged burglary at premises No. 525 East 146th St. first floor rear west side I found one Frank Burke of 103 West 105th Street and John Roberts of No. 227 East 29th St. in said premises who had gained entrance through a window, while in there I discovered these 18 cases supposed to contain whiskey."

There are no facts in the paragraph of the complaint referred to which tend to show that there are grounds for believing that intoxicat ng liquor was so kept, stored and deposited in defendant's premises in violation of article 113 of the Penal Law. It will be noted that the complaint alleges that the eighteen cases found in the premises were *supposed* to contain whisky.

I do not think the legislature intended that a search warrant should issue on supposition or suspicion. There must be more than a surmise or suspicion. To permit a search under circumstances, as they appear in this case, would be indulging in very dangerous practice.

The record discloses that the evidence secured by the complaining witness was obtained while the officer was investigating an alleged burglary. It appears that the officer entered the defendant's home in his absence and without a warrant. There

is no allegation that any offense had been attempted or committed in the presence of this officer, nor that any crime had been committed at any time. Assuming that intoxicating liquor was found 'n the premises, I do not believe that a warrant should be issued upon the information given by the officer as a result of his unauthorized investigation.

In the case of *United States* v. *Slusser*, 270 Fed. Rep. 818, the court said, at page 819: " An unlawful search cannot be justified by what is found. A search that is unlawful when it begins is not made lawful when it ends by the discovery and seizure of liquor. It was against such prying, on the chance of d scovery, that the constitutional amendment was intended to protect the people." *Matter of Application for Search Warrant,* 116 Misc. Rep. 512; *People* v. *De Vasto,* 198 App. Div. 620.

In *People* v. *Kinney*, 185 N. Y. Supp. 645, a warrant based upon information that opium was kept in the residence of the defendant was issued. While making such search a loaded revolver was found. A search warrant was later vacated as having been illegally issued. Thereafter defendant moved for a dismissal of the indictment and for the return of the revolver. The court said: " There had been no crime committed in the presence of the officer of which he was cognizant; he had no authority to make an arrest; he made no search as an incident to an arrest. He had no legal authority to search for anything; his warrant having been illegally issued. The defendant was not present. Assuming that the defendant possessed the revolver, did that fact authorize the officer, without a search warrant, without any knowledge of such possession, to enter defendant's residence, search generally, and then carry away a revolver which he had accidentally found? The officer not only did not have probable cause for believing that the revolver was in defendant's possession, but he did not have even a suspicion that it was there."

So in the case at bar, there is nothing to show that the complaining witness had any knowledge that intoxicating liquors were kept, stored or deposited in the residence of the defendant in violation of the law. I do not believe that any evidence he obtained unlawfully should be used in making the complaint upon which a warrant issued.

Accordingly the warrant is vacated and the liquor seized ordered returned to the defendant.

Ordered accordingly.