ALICE DICKMAN, Appellant, *v.* UNION RAILWAY COMPANY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, March 13, 1929.

*Lind & Marks* [*Hyman J. Fliegel* of counsel], for the appellant.

*Alfred T. Davison*, for the respondent.

PER CURIAM. The moving papers claimed no irregularity in the proceedings on which the default judgment was based. Section 129 of the Municipal Court Code would, therefore, appear to preclude the opening of the default after a year had elapsed. (*Stoneware Elec. Stove Works* v. *Barrett*, 117 Misc. 699; *Scott* v. *Hemmer*, 131 id. 474; affd., 223 App. Div. 872.)

Respondent attempts to excuse its laches by proof of the fact that it had no notice of the default or judgment. While section 108 of the Civil Practice Act provides that such applications are to be made within one year *after notice* of the judgment, section 129 of the Municipal Court Code contains no reference to notice. It limits the time to one year after the entry of the judgment.

Order reversed, with ten dollar scosts, and judgment below reinstated.

All concur; present, LYDON, CALLAHAN and PETERS, JJ.