R. Z. P. LINE POULTRY MARKET, Plaintiff, *v.* JOSEPH GOLDMAN, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, February 15, 1932.

*Isidor Tow*, for the plaintiff.

*Maxim Hausner*, for the defendant.

LEWIS, DAVID C., J. On January 25, 1926, the defendant appeared and answered in person, signing the form of answer provided by the court clerk, and writing his address " 279 East 198th Street." The " 9 " in One Hundred and Ninty-eighth street could easily be mistaken for a " 7; " the clerk made this error; and consequently sent the postal card notice of trial for February eleventh to 279 East One Hundred and Seventy-eighth street. This postal card notice was returned to the court stamped " Return to sender " and so forth.

Thereafter and on February 11, 1926, the defendant did not appear in court and the record indicates an inquest was thereupon taken, and this judgment entered.

A motion is now made by the defendant to vacate and set aside the judgment upon the grounds that a proper or sufficient notice of trial was never sent by the clerk of the court; that none was ever received by the defendant; that the case was improperly on the calendar and the inquest was unduly taken.

The plaintiff contends that the court is powerless to entertain

this motion because of the lapse of more than two years since the entry of the judgment.

A proper understanding of the nature of this application discloses the weakness of the opposition.

The defendant is not seeking relief from a default duly sustained or an inquest duly taken. He attacks a default and inquest improperly taken.

It is fundamental that unless and until a case is properly placed, and duly appears on the day trial calendar, the defendant cannot and should not be held to a default taken upon his failure to appear on that date. And if there is no default how can there be an inquest taken upon and because of it? One cannot be without the other.

Section 95 of the New York City Municipal Court Code distinctly provides: " Where either party appears in person, the clerk shall fix a date for trial not less than five nor more than eight days after joinder of issue, and shall immediately notify the parties by mail of such date."

Rule VII of the Rules of the Municipal Court of the City of New York reads: " Where the defendant does not appear by attorney, he must at the time of answering give his address in writing to the clerk."

Mailing a notice to East One Hundred and Seventy-eighth street cannot be held equivalent to mailing a notice to East One Hundred and Ninety-eighth street. That is true particularly where (as this record indicates) the postal authorities return the notice to the clerk of the court, showing on its face its non-delivery. The returned postal, filed with the papers, was impliedly suggestive of error, if not express notice of it; at least it revealed the non-delivery of the notice.

To determine this motion one need not decide the fault nor assess the blame — though, concededly, omission or oversight of another cannot be ascribed to the defendant. Certainly it should not deprive the defendant of his day in court.

Poor penmanship cannot support a default otherwise unsustainable. One's script may be careless yet his conduct not culpable. The instinct of self-protection dictates that dicta.

This mistake, for such it may be classed, is of far-reaching consequence. For has it not been held that the mailing of a notice of trial only seven days before the day mentioned for trial was not only an insufficient notice but that the defect was jurisdictional?

" I am of the opinion therefore that the mailing of a notice of trial only seven days before the date fixed for the trial was not sufficient notice and did not give the court jurisdiction to enter judgment on default." (*Rethy* v. *Orszag*, 102 Misc. 540.)

" It has been held in relation to a summons in Justice's Court, that failure to give the notice required by statute renders the process void." (*People* v. *DeVasto*, 198 App. Div. 620, at p. 623, citing *Rethy* v. *Orsag, supra.*)

So in the work of my learned colleague, Mr. Justice LAUER, we find this subject treated as follows: " There is no express provision in the Municipal Court Code prescribing the manner in which a notice of trial shall be served, but, undoubtedly, by provisions of Municipal Court Code, section 15, the practice in like cases in the Supreme Court is applicable."

Referring to the mode of service prescribed by the Rules of Civil Practice, it is pointed out that service on the party may be made by mailing provided the notice is directed to the person to be served at the address within this State theretofore designated by him for that purpose. (See Lauer Mun. Ct. Prac. § 303, p. 406.)

Should the defendant be denied relief simply on the ground that this mistake occurred and this judgment was entered in 1926?

I know of no law or case that makes the lapse of time in itself a cure-all for fatal errors and omissions. Nor do I believe that one would be warranted in modifying or abating the express powers with which the statute has endowed this court.

Section 6, subdivision 7, expressly empowers the Municipal Court to vacate a judgment in furtherance of justice for any error in form or substance.

The judicial exercise of this power is not restricted to any prescribed period. The limitation of one year, found in section 129 of the Municipal Court Code, does not apply.

" There is nothing in section 129 which overrides the provisions of section 6, subdivision 7, nor does the limitation of one year in section 129, subdivision 2, have any effect upon the vacating of a judgment under section 6, subdivision 7.

" Section 129, subdivision 2, has relation only to the opening of defaults, and distinctly provides: 'A motion to open a default * * * must be made with due diligence and upon good cause shown and in no event more than a year after the entry of judgment. * * *' It will be readily seen that this subdivision has reference only to opening defaults, which by the moving papers are admitted, and the relief which follows the opening of a default is to vacate the judgment. The defendant by failing to appear on the trial day was not guilty of any neglect, or omission of legal requirement, which is the case when a party is in default. In the instant case there was no default, and none of the provisions of section 129 of the Municipal Court Code apply." (*Stoneware El. Stove Works* v. *Barrett*, 117 Misc. 699, at p. 702.)

In this respect the authority of this court is greater than that of the Supreme Court. (*Petsche* v. *McDonald*, 94 Misc. 655; *Parker* v. *Beim*, 169 N. Y. Supp. 692; *Greenbaum* v. *Goldberg*, 105 Misc. 206; *Bradstreets, etc.*, v. *Nagler's Brass Works*, 180 App. Div. 511.)

In the instant case the error is one that appears from the record, so that the case plainly comes within the purview of section 6, subdivision 7, of the Municipal Court Code.

Nor need one be seriously disturbed by the element of laches. For here laches is to be reckoned from the day that knowledge of the judgment was brought home to the defendant and not from its day of entry. (*Kaplan* v. *Radford*, 161 N. Y. Supp. 374.)

Under the circumstances, I am convinced of the propriety of vacating the judgment and confident of the power to do so.

Motion granted. Judgment vacated. Case set down for trial for 25th day of February, 1932. Settle order on notice.