VIOLA E. DIRKES et al., Doing Business under the Name of MICHAEL DIRKES FUNERAL HOME, Respondents, v. KATHERINE PETERSON, Appellant, et al., Defendants.

First Department, December 22, 1947.

*Edward Sharf* of counsel (*Sharf & Hellenbrand,* attorneys), for appellant.

*John C. McDermott* of counsel (*McDermott & McDermott,* attorneys), for respondents.

COHN, J. Plaintiffs sued in the Municipal Court to recover for services rendered and materials furnished incidental to the funeral of one Leona S. Voss. They named as defendants John Muth, George Voss, who is the husband of deceased, and Katherine Peterson, a sister of the deceased, who is the defendant-appellant. Plaintiffs appeared by attorneys. Defendants Voss and Muth were served on January 14th and 16th respectively. Each appeared before the clerk of the Municipal Court in person and answered. The cause was set down for trial by the clerk for January 31, 1947. The two defendants appearing in person were duly notified by him by mail of the trial date. A notification card was also transmitted by the clerk to plaintiffs' attorneys.

A copy of the summons and complaint was served on defendant-appellant Katherine Peterson on January 18th. She appeared by attorney and filed an answer on January 23d. No notice of the date of trial was given to defendant-appellant or to her attorney by the clerk of the court or by plaintiffs' attorneys. The case was tried on January 31, 1947. At the trial neither defendant-appellant nor her attorney was present. All

other parties, however, appeared and after the trial at which testimony was taken, the complaint against defendants appearing in person was dismissed and judgment was rendered against appellant in favor of plaintiffs for the full amount of their claim.

Appellant's attorney learned of the default judgment entered against his client for the first time when he was served with a copy thereof on February 19, 1947. The next day, the attorney made a motion to vacate the judgment. He asserted that he had received no notice of trial from plaintiffs' attorneys; that neither he nor his client, defendant-appellant, had been notified of the date of trial by the court clerk or had knowledge of the trial date until after the default.

From an affirmance of the order denying appellant's motion to vacate the judgment as to her, this appeal is taken.

Upon the proof submitted we are satisfied that no notification card was mailed by the clerk of the court to defendant-appellant or to her attorney. Section 95 of the New York City Municipal Court Code governs the procedure to be adopted with respect to bringing a cause on for trial. It provides as follows: " § 95. *How cause brought on for trial; notice of trial.* Upon joinder of issue the clerk shall place the case upon a general calendar. Where either party appears in person, the clerk shall fix a date for trial not less than five nor more than fifteen days after joinder of issue, and shall immediately notify the parties by mail of such date. Where both parties appear by attorney either party may serve a notice on the other fixing a date for trial not less than five nor more than eight days after the service of such notice, and shall file such notice, with proof of service thereof, with the clerk, who shall thereupon place the case on the calendar for trial. The case shall therefore be set down for trial as provided for by the rules. When a jury trial is demanded the case shall be set down for trial as provided for by the rules."

The practice thus outlined is clear where both parties appear by attorney. In such case either party may serve a notice on the other fixing a day for trial not less than five nor more than eight days after the service of such notice and the filing with proof of service results in the clerk placing the cause on the calendar for trial. " The intent of the statutory provision is to leave cases where both parties ' appear by attorney ' to the control of such attorneys." (*Rathkopf* v. *Coussa,* 233 App. Div. 86, 87 [1st Dept., 1931].) That portion of the section as we read it would apply only to a case where *all* parties plaintiff and all parties defendant appear by attorney.

However, in this case, two of the three defendants appeared in person. In such circumstances the case comes under the portion of the statute which provides that where either party appears in person the date of trial must be fixed by the clerk and notice of such date must be given by him by mail to all parties. In effect, the statute as written was undoubtedly designed to entrust to the clerk of the court the duty of fixing the date for trial and of notification thereof where any or all of the parties appear in person. Where, as here, two of the defendants appear in person and the third defendant appears by attorney, it would seem clear that the statute delegates to the clerk the duty of fixing a date for trial and of notifying by mail *all* those who appear in person and where some appear by attorneys to notify those attorneys.

The obvious purpose of the statute was to protect the person who appeared without the aid of a lawyer and who could not be expected to follow the intricacies of calendar practice. In a case where such a litigant is a plaintiff or a defendant, irrespective of whether other plaintiffs or defendants named appear by attorney, a fair construction of the statute commands the conclusion that in such case the clerk " shall fix a date for trial not less than five nor more than fifteen days after joinder of issue " and shall give the appropriate notice by mail to *all* parties, including those who appear by attorney. Where in such case, any one of the parties appears by attorney, the notification by the clerk must be mailed to the attorney. Any other interpretation of the language of the law would be unreasonable and would lead to confusion.

Here defendant-appellant was not aware of the date of trial because no notice of the date as fixed was given. The trial was had in the absence of appellant and of her attorney and a judgment for the full amount of the plaintiffs' claim has been rendered against her. Through no fault of hers she has been deprived of her day in court. The judgment so obtained against her should not be permitted to stand.

Plaintiffs urge that an affidavit of merits should have been submitted by appellant as a condition to opening the alleged default. The absence or the insufficiency of an affidavit of merits is of no materiality, however, where, as here, there was no default. (*Lordi Const. Co.* v. *Priore,* 191 N. Y. S. 721 [App. Term, 1st Dept., 1922].)

Subdivision 2 of section 129 of the New York City Municipal Court Code which relates only to opening of defaults provides " A motion to open a default * * * must be made with

due diligence and upon good cause shown *  *  *.'' However, that rule is not pertinent where, as here, a cause is tried without notice of the date of trial having first been duly given to the allegedly defaulting litigant. (*R. Z. P. Line Poultry Market* v. *Goldman,* 142 Misc. 727; *Stoneware Electric Stove Works* v. *Barrett,* 117 Misc. 699 [App. Term, 1st Dept., 1922]; *Genet* v. *Johnson,* 6 N. Y. S. 2d 965, affd. App. Term, 2d Dept., Nov. 26, 1938.) The defendant-appellant by failing to appear on the trial date was not guilty of any neglect or omission which is the case where a party is in default. As there was no default here, the provisions of section 129 of the Municipal Court Code do not apply.

For the foregoing reasons the determination of the Appellate Term, and the order of the Municipal Court denying the motion to vacate the judgment as against defendant-appellant, should be reversed, with $20 costs and disbursements in this court and $10 costs in the Appellate Term and in the Municipal Court, to the defendant-appellant, and the motion granted.

PECK, P. J., GLENNON, VAN VOORHIS and SHIENTAG, JJ., concur.

Determination of the Appellate Term and order of the Municipal Court unanimously reversed, with $20 costs and disbursements in this court and $10 costs in the Appellate Term and in the Municipal Court, to the defendant-appellant, and the motion granted. Settle order on notice.